OLIVE GENNER, appellee, v. FRED GENNER, appellant.

No. 49566.

(Reported in 92 N.W.2d 926)

NOVEMBER 18, 1958.

Donald D. Mullin, of Creston, for appellant.

E. F. McEniry, of Creston, for appellee.

OLIVER, J.—This is a suit for divorce by Olive Genner against Fred Genner on the ground of inhuman treatment. The parties were married in 1922 and lived together until October 1957. At the time of the trial plaintiff was fifty-four years of age. Defendant was fifty-six. They have four adult children, none of whom was living with them when plaintiff separated from defendant. Defendant is a railroad locomotive machinist. His net monthly pay is from $325 to $330. Plaintiff had been employed as an ironer in a laundry for approximately six years before the separation, and has continued this work.

Plaintiff testified defendant had mistreated her for approximately a year. He came home intoxicated almost every night. He was a calm man when sober, but when intoxicated "I would say he was a maniac, if you ask me he is crazy, he don't know what he is doing. * * * I was scared to death of him, I would try to let on I was asleep when he came home and he would holler and wake me up." On these occasions he would call plaintiff vile and indecent names, repeatedly charge her with being a "damned whore" and order her to get her "damn clothes and get out of there." She testified: "I didn't feel it was safe to remain with him longer when I left him. I was scared. That is the reason I moved out."

There was evidence she was in such fear of him that she had arranged with Mrs. Elsie McCreary, who occupied the adjoining apartment, to report to her when defendant entered the building and to call the police if plaintiff rapped upon a certain wall. Mrs. McCreary testified she could not hear normal conversations in the Genner apartment but had heard loud talk by defendant, "I have not heard Mrs. Genner's voice raised in anger. I have heard her crying different times."

Defendant denied none of the foregoing evidence.

On cross-examination he admitted he spent most of his evenings in taverns and was intoxicated at various times, that he called plaintiff the vile names and made the accusations testified to by her, and that he did so in a loud voice. There is no contention his accusations were true.

■ The trial court granted plaintiff a divorce. Divorces on the ground of inhuman treatment are not limited to cases involving physical violence. Hylarides v. Hylarides, 247 Iowa 841, 847, 848, 76 N.W.2d 779, 782; Joneson v. Joneson, 249 Iowa 343, 348, 86 N.W.2d 877, 880, 881, and citations. Mental abuse of a wife by her husband continuing over a considerable period of time and which places and keeps the wife in a great fear and causes her deep mental suffering may well be as unbearable and as dangerous to her health and life as could physical injuries inflicted upon her. The question is one of fact, depending upon the circumstances shown in each case.

■ Here the parties appeared and testified before the judge of the trial court. As pointed out in Levis v. Levis, 243 Iowa 574, 579, 52 N.W.2d 509, 511: "Had plaintiff revealed such callousness to the charges [of infidelity] and to the language in which they were couched as to render them less inhuman and cruel to her, the trial court would have detected it. Neither the record nor the trial court brands her as such a person. We cannot do so." That the findings of the trial court in cases of this kind are entitled to substantial weight is well settled.

■ Upon the whole record we are of the opinion the judgment of the trial court must be affirmed. This includes the $60 per month required to be paid by defendant to the clerk of Union District Court for plaintiff, the separation of the personal property, attorney fees for plaintiff's attorney in the trial court, etc. Plaintiff's attorney has been allowed and has been paid $150 to apply on his fee upon appeal. He is hereby allowed the additional sum of $100 for which judgment shall be entered against defendant together with the costs upon appeal.—Affirmed.

All JUSTICES concur.